# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| MARGARET MCPEAK, | C 07-1019 EJM |
| Plaintiff, | ORDER |
| v. | |
| WALMART STORES INC., | |
| Defendant. | |

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed August 1, 2008. Briefing concluded September 11, 2008. Granted.

Plaintiff Margaret McPeak (McPeak), a resident of Dubuque County, Iowa, brings this action for damages and equitable relief against defendant Wal-Mart Stores, Inc. (Wal-Mart), a Delaware corporation, for claimed violations of the Family Medical Leave Act (FMLA), 29 USC §2601, et seq., and the public policy of Iowa. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

While employed as the Assistant Manager of Operations at a Wal-Mart store in Independence, Iowa, plaintiff took medical leave from June 1, 2006, through July 28, 2006, as a result of medical conditions. She further took medical leave from September 7, 2006, through November 7, 2006, and again took medical leave from December 9, 2006, through February 2, 2007. While off

work and on leave during the latter period, she asserts defendant terminated her medical benefits and stopped her paychecks, though in her deposition testimony she testified that this was due to a mistake, and that defendant promptly corrected the mistake. Plaintiff was released by her physician to return to work on February 3, 2007, and upon her attempt to return to her position at the Independence store, she urges that she was advised she was no longer employed at Wal-Mart, and was informed that she could apply for other positions at other Wal-Mart stores if she wished to do so. On March 7, 2007, she was hired as an assistant manager of the Wal-Mart store in Maquoketa, Iowa.

In Count 1 of her Complaint (Violation of FMLA), plaintiff claims that defendant violated 29 USC §2615 by interfering with her exercise of FMLA rights by terminating her assistant manager position at the Independence Wal-Mart store. She seeks a declaration that defendant's conduct violated the FMLA, an injunction preventing defendant from violating her rights under the FMLA, compensatory and liquidated damages, and attorney fees.

In Count 2 (Retaliatory Discharge), plaintiff claims defendant terminated her employment on February 3, 2007 because she pursued worker's compensation remedies, in violation of the public policy of Iowa. She seeks compensatory and punitive damages.

Wal-Mart seeks summary judgment, asserting that plaintiff cannot establish a FMLA interference claim as Wal-Mart granted every request from plaintiff to take FMLA leave, paid her salary during leave, and following the

elimination of the Assistant Manager position she previously held at the Independence store, Wal-Mart transferred her to an Assistant Manager position with the same salary, benefits, and hours at the Maquoketa Wal-Mart store, about the same distance from her home. Additionally, Wal-Mart asserts that plaintiff's FMLA retaliatory discharge claim fails as she admitted during her deposition that Wal-Mart did not terminate her employment, and her transfer to a different store was not an adverse employment action, as an employee who fails to return upon the expiration of qualified FMLA leave has no right to reinstatement. Defendant asserts that plaintiff exhausted her 12 weeks of FMLA leave by October, 2006, and then took an additional 13 weeks of medical leave; therefore she lost her right to reinstatement. Wal-Mart urges that plaintiff cannot establish causation in any event, that it had a legitimate, nondiscriminatory reason for its actions, to wit, plaintiff's exhaustion of her leave in October, 2006, her absence for approximately 26 weeks, and the fact that the Independence Wal-Mart store had been overstaffed with Assistant Managers. Wal-Mart asserts that her transfer to another Assistant Manager position in another store was at all times consistent with legitimate policy.

Plaintiff resists, asserting that at no time during her second leave of absence from September 7, 2006 through November 7, 2006, did defendant inform her that she had exhausted her job-protected 12 week leave under the FMLA, and she was not so informed until her third leave of absence. Plaintiff further asserts that defendant does not state in its policy how it calculates the 12

month period within which the 12 week FMLA leave occurs. Additionally, she contends that she was not returned to an equivalent position, because while the pay and benefits were the same, the hours and shifts were different in the Maquoketa store, and the store was more stressful.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

The FMLA provides job security to employees who must miss work to care for their illnesses. 29 USC §2612(a)(1)(A)-(D). The FMLA provides eligible employees up to 12 workweeks of unpaid leave during any 12-month period. Id.; Stallings v. Hussmann Corp., 447 F3d 1041, 1050 (8th Cir. 2006). To establish a claim of interference with FMLA rights, "an employee must show only that...she was entitled to the benefit denied." Id.

Upon review of the record in this matter, regardless of how the leave is calculated, it appears undisputed that plaintiff was granted every request that she

made to take FMLA leave, and therefore she has not established that she was denied a benefit to which she was entitled. It is further undisputed that her former position in the Independence store was eliminated during her third leave, she was not terminated, and she was placed in an equivalent position in a different store. Defendant's Ex. 4, docket #17. As to her retaliatory termination claim, plaintiff concedes in her deposition testimony that she was not terminated, defendant's Ex. 4, supra, and therefore her claim of retaliatory termination fails.

It is therefore

ORDERED

Granted.

March 26, 2009.

                              Edward J. McManus, Judge
                              UNITED STATES DISTRICT COURT